[No. 25976. Department One. May 11, 1936.]

*In the Matter of the Estate of* O. D. WOLFE, *Deceased.*

ELNORA WOLFE, *as Executrix, Appellant,* v. AUSTIN B. McCOY, *Respondent.*[1]

*Wilkinson & Carson* and *J. Guthrie Langsdorf,* for appellant.

*McMullen & Snider,* for respondent.

GERAGHTY, J.—This is an appeal by Elnora Wolfe from an order of the superior court of Clark county

[1] Reported in 57 P. (2d) 1066.

removing her as executrix of the estate of O. D. Wolfe, her deceased husband.

O. D. Wolfe died October 31, 1931, leaving a non-intervention will in which the appellant was named as executrix. The will was duly probated, and, following her appointment, the executrix commenced the publication of notice to creditors, November 13, 1931. As it was apparent that the estate was insolvent, no order of solvency was applied for, and the estate was administered as subject to the orders of the court.

March 15, 1935, Austin B. McCoy filed a petition, reciting that he was a creditor of the estate of O. D. Wolfe and had filed with the executrix three claims, aggregating upwards of five thousand dollars; that, while these claims had been filed within the six months' period provided by law, the executrix had failed and neglected to allow them or act upon them in any manner; and that there had been claims, aggregating many thousands of dollars, filed by other creditors and not acted upon. The petition charged that the executrix had prepared and filed inventories purporting to describe and include all properties of the estate, but that, in these inventories, she had wilfully and intentionally failed and neglected to include valuable real estate and personal property belonging to the decedent at the time of his death. For himself and other creditors, the petitioner prayed for an order requiring the executrix to appear and submit herself to examination for the purpose of ascertaining the condition of the estate and a disclosure of its assets.

An order was made fixing a time for the hearing prayed for and requiring the presence of the executrix for examination. April 16, 1935, the executrix appeared in court and was examined by the attorney for the petitioner and cross-examined by her own attorney.

On May 1, 1935, Mr. McCoy filed another petition, praying for the removal of the executrix for acts of commission and omission, and the appointment of another suitable person to administer the estate with the will annexed. A hearing on this petition was set by order of the court for May 15, 1935, at which time considerable testimony, both oral and documentary, in addition to that taken at the prior hearing, was introduced.

At the conclusion of the hearing, the trial court, in a memorandum opinion, announced his conclusion that the estate had been administered by the executrix without paying proper attention to the rights of creditors; that, while early in the administration the estate had been hampered by litigation, the litigation had not been so extensive or of such a character as to cause a delay of three and one-half years; that he had read the reports filed by the executrix and was unable to find out just what was done with some of the property belonging to the estate; that the executrix had not complied with the orders of the court in certain matters; that, by reason of her claim that certain property was her own separate property rather than community, her position was antagonistic to the interests of the creditors, and that it did not seem possible for her to act in an impartial manner; that, in the light of the facts disclosed, he could see nothing else to do but to remove the executrix for failure to properly care for the estate. A decree was accordingly entered, embodying specific findings in accordance with the views expressed in the court's opinion, directing the removal of the executrix and the appointment of another in her stead.

This proceeding is had under Rem. Rev. Stat., § 1444 [P. C. § 9960], reading in part:

"Whenever the court has reason to believe that any

executor or administrator has wasted, embezzled, or mismanaged, or is about to waste, or embezzle the property of the estate committed to his charge, or has committed, or is about to commit a fraud upon the estate, or is incompetent to act, or is permanently removed from the state, or has wrongfully neglected the estate, or has neglected to perform any acts as such executor or administrator, or for any other cause or reason which to the court appears necessary, it shall have power and authority, after citation and hearing to revoke such letters. . . ."

This section reposes in the trial court a wide discretion, which this court should not control in the absence of evidence clearly establishing its abuse, and this is peculiarly so in a case of this character, where the estate is insolvent and the claims of creditors are paramount.

The accounts and reports of the executrix are involved and confused. It would serve no necessary purpose to attempt an analysis of them. A careful check fully warrants the conclusion of the court. The proceeding for her removal was commenced three years after the expiration of the time for filing claims, yet few of the claims had been acted on, by approval or rejection. The executrix appears to have commingled estate affairs with her own and not to have sensed her responsibility to the creditors.

The trial court displayed much concern in the condition of the estate and the loose and indifferent manner in which the executrix had performed her duties, and itself participated in her examination. The record leaves no doubt that, through her inattention and incompetence, loss had been suffered by the creditors, and further loss would be sustained if she were permitted to continue in charge of the estate.

The record shows the pendency of a case in the superior court of Clark county, where one Brown, an

employee of the executrix and her deceased husband, who had lived with them for many years during the life of the husband and then resided on a farm with the executrix, was prosecuting an action to foreclose a mortgage for eight thousand dollars covering community property, executed by the husband and wife shortly before Mr. Wolfe's death. In addition to this, Brown filed a claim with the estate in the sum of thirteen thousand dollars on account of services. It was charged in the petition for removal that this mortgage and claim were fraudulent. The executrix, while filing a general appearance, appears to have taken no active steps to contest the mortgage and failed to act on the claim, as she had failed to act on most of the other claims.

The court gave no detailed consideration to the Brown case because it was pending before Judge Stone, but the files in that case were introduced in evidence. Later, a judgment was rendered in the case, holding the mortgage and Brown's claim filed in the estate to be in fraud of creditors, and a judgment was entered accordingly. The judgment was appealed to this court and affirmed in *Brown v. Wolfe,* 185 Wash. 641, 56 P. (2d) 681.

Our conclusion is, not only that the evidence does not preponderate against the findings of the trial court, but that it affirmatively requires the entry of the order which was made. The order will accordingly be affirmed.

MILLARD, C. J., MITCHELL, STEINERT, and TOLMAN, JJ., concur.