52 Wn.2d 381 (1958)
325 P.2d 292
KITSAP COUNTY CREDIT BUREAU, INC., Appellant,
v.
HOBSON D. RICHARDS et al., Respondents.[1]
No. 34440.
The Supreme Court of Washington, Department One.
May 15, 1958.
Gerard N. Fisher, for appellant.
Purvis & Sanchez, for respondents.
HUNTER, J.
The Texas Company assigned to the plaintiff Kitsap County Credit Bureau for collection the balance due on the open account of Robert M. Alderman. Thereafter, the credit bureau instituted this action against Hobson D. Richards and wife alleging that the defendant Richards had guaranteed the Alderman account and that the same was unpaid.
During the trial, H.E. Turner, collection manager for the Texas Company, was called as a witness for the plaintiff and, in explaining the Alderman account, he voluntarily produced a card from the records of the Texas Company showing the account had been "charged off" and a one hundred dollar compromise settlement had been "O.K.'d." He testified, in part, as follows:
"I think, trying to recall it, there was some discussion about Alderman being married and that is, the account was *382 prenuptial and it seemed the agency wanted to settle. This is hazy. They wanted to settle with him and let him be discharged for $100. Now, that is the best I can tell you. THE COURT: So you did settle with Mr. Alderman and agreed to discharge him for $100? THE WITNESS: I assume so."
Prior to the plaintiff completing its case in chief and over its objection, the trial court, on its own motion, ordered a dismissal of the cause. The court found, in part:
"That the plaintiff did fail to prove the principal account indebtedness for which the above-entitled action was initiated and did fail to prove that either the defendant, Hobson D. Richards, or the debtor herein, Robert A. Alderman, was indebted to The Texas Company or the plaintiff herein in any sums of money whatsoever."
From the judgment entered, this appeal followed.
[1] There is no need in this case to discuss the appellant's assignments of error. Suffice it to say, we have carefully reviewed the record and, in particular, the testimony of H.E. Turner concerning the compromise settlement of the account, and we are convinced that the debt against the principal debtor Robert M. Alderman was settled upon his payment of one hundred dollars. Thus, applying the rule that a creditor's unconditional release of the principal debtor discharges the guarantor, the trial court properly dismissed the appellant's cause. See Keane v. Fidelity Sav. & Loan Ass'n, 173 Wash. 199, 22 P. (2d) 59 (1933); Simpson on Suretyship, 296, § 63; Restatement, Security 322, § 122; 24 Am. Jur. 930, § 87.
[2] We are not concerned with whether this was the principal reason relied upon by the trial court when it entered judgment, since it is a well-established rule that a judgment, even where based on an erroneous ground, will be sustained if correct upon any ground within the pleadings and established by the proof. LaHue v. Coca Cola Bottling, Inc., 50 Wn. (2d) 645, 314 P. (2d) 421 (1957). Here, the appellant's proof affirmatively precluded any recovery.
The judgment is affirmed.
HILL, C.J., MALLERY, FINLEY, and OTT, JJ., concur.
NOTES
[1] Reported in 325 P. (2d) 292.