[No. 384-3.    Division Three.    March 28, 1972.]

LEONARD R. ANDERSON et al., *Appellants*, v. BENTON COUNTY et al., *Respondents*.

*Dwight A. Halstead*, for appellants.

*Herbert H. Davis, Prosecuting Attorney*, for respondents.

GREEN, J.—Plaintiffs, d/b/a Park Lane Apartments, brought an action against defendants, Benton County and its treasurer, Ellen Berndt, seeking a refund of $7,222.48 representing the payment of a 1 per cent excise tax on an FHA mortgage in the amount of $722,247.90 assumed by the purchaser and included in the total sales price of certain real property. Plaintiffs appeal from a dismissal of their complaint.

The sole issue is whether the amount representing the outstanding balance of a mortgage in favor of the United States is exempt from the provisions of RCW 28A.45 *et seq.* imposing an excise tax on real estate sales.

Determination of this issue turns upon an interpretation of RCW 28A.45.030:

> As used in this chapter, the term "selling price" means the consideration, including money or anything of value, paid or delivered or contracted to be paid or delivered in return for the transfer of the real property or estate or

interest in real property, and shall include the amount of any lien, mortgage, contract indebtedness, or other incumbrance, either given to secure the purchase price, or any part thereof, or remaining unpaid on such property at the time of sale.

*The term shall not include the amount of any outstanding lien or incumbrance in favor of the United States, the state, or a municipal corporation for the taxes, special benefits, or improvements.*

(Italics ours.) Plaintiffs contend the italicized portion of the statute exempts them from payment of the excise tax based upon the theory a mortgage is a lien or incumbrance. We disagree.

■ In construing a statute, we are governed by the fundamental rule expressed in *Graffell v. Honeysuckle,* 30 Wn.2d 390, 399, 191 P.2d 858 (1948):

The fundamental object or purpose of all judicial construction or interpretation is to ascertain, if possible, and to give effect to, the intention of the lawmakers in enacting the particular statute. *Layton v. Home Indemnity Co.,* 9 Wn. (2d) 25, 113 P. (2d) 538; *Lynch v. Department of Labor & Industries,* 19 Wn. (2d) 802, 145 P. (2d) 265.

It has frequently been declared that, in the process of arriving at the intent of the legislative body, the first resort of the courts is to the context and subject matter of the legislation, because the intention of the lawmaker is to be deduced, if possible, from what it said.

■ Applying this rule to the instant statute, we find in the first paragraph the following phrase: *"shall include the amount of any lien, mortgage, contract indebtedness, or other incumbrance."* (Italics ours.) The second paragraph does not mention *mortgage,* but refers only to lien or incumbrance. When the statute is read in its entirety, *In re Estate of Beard,* 60 Wn.2d 127, 134, 372 P.2d 530 (1962), the absence of the word "mortgage" in the second paragraph indicates an intent to exclude it. Hence, the amount of the FHA mortgage was properly included in the selling price.

Judgment affirmed.

MUNSON, C.J., and EVANS, J., concur.