[No. 5695–0–II.   Division Two.   July 6, 1983.]

Larry J. Whalen, *Appellant,* v. The Department of Labor and Industries, *Respondent.*

*Kevin Staples* and *Steven A. Memovich,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Virginia O. Binns, Assistant,* for respondent.

REED, J.—The nature of this appeal and the issues presented will become apparent with a short recitation of the facts. On October 25, 1973 Larry Whalen was injured while in the course of his employment. Thereafter, he collected workers' compensation. He also elected to pursue his statutory right to bring an action against a third party tortfeasor. The claim was settled in 1978.

The Department of Labor and Industries (Department) is entitled to reimbursement for benefits paid from any recovery the worker may obtain from a third party. The statutory formula for determining the Department's share was changed in 1977. Distribution after the 1977 act would be more favorable to Whalen than distribution under the 1973 act, the law as it existed at the time of Whalen's injury.[1]

Following the settlement of Whalen's lawsuit, the Department ordered that repayment be made as calculated under the 1973 act. This order was upheld by the Board of Industrial Insurance Appeals and the Superior Court.

■ On appeal, Whalen advances two arguments as to why the Department's order was in error. Pertinent to Whalen's first argument is RCW 51.24.900, which states: "This 1977 amendatory act shall apply only to *causes of action* which arise on or after its effective date." (Italics ours.) Whalen contends the Department's lien against his

---

[1]The 1977 act is codified as RCW 51.24.020–.900. Under the provisions of the 1977 act, an injured worker is entitled to 25 percent of any recovery from a third party, after the deduction of costs and attorney's fees. Unlike the former distribution scheme, the worker is entitled to a 25 percent share of the net recovery even where the net recovery is less than the Department's lien.

recovery is a "cause of action" which arose after the enactment of the 1977 law. If there is any ambiguity as to what the term "cause of action" refers, that ambiguity is quickly resolved when we read the language of RCW 51.24.900 in the context of the entire act and consider the subject matter. *See Anderson v. Benton Cy.*, 6 Wn. App. 610, 495 P.2d 353 (1972).

█ In this regard, the Department argues that "causes of action" can only refer to the worker or beneficiary's cause of action against a third party defendant because:

(1) the act is entitled "Industrial Insurance—Third–Party Actions";

(2) the entire subject matter of the act concerns actions against third–party tort–feasors;

(3) The subject matter of the legislation governs the rights and obligations between the worker or beneficiary and the Department or self–insurer in an action against a third–party defendant.

The Department's construction of RCW 51.24.900 is compelling; Whalen's construction is strained. Accordingly, we hold that "causes of action," as used in RCW 51.24.900, refers to a worker's cause of action for the underlying tort, not the Department's lien against the worker's recovery.

We turn now to Whalen's second argument, that because the 1977 law repealed its predecessor, the 1977 law governs the completion of proceedings begun under the old law. Whalen urges a rule that generally governs this type of situation, which is succinctly summarized as follows:

It is true that pending proceedings not fully consummated would normally fall with the repeal of the laws under which they were begun; but this result is not brought to pass where, as here, those laws are substantially reenacted by the repealing act itself. In such cases the proceedings may be continued and concluded under the new law, subject, of course, to such modifications as it provides.

*Kraus v. Philadelphia,* 265 Pa. 425, 109 A. 226 (1919), *quoted with approval in State v. Carroll,* 81 Wn.2d 95, 98, 500 P.2d 115 (1972) and *In re Frederiksen,* 25 Wn. App.

726, 740, 610 P.2d 371 (1979).

The Department acknowledges that the last sentence of the above cited rule would normally support Whalen's argument that the new law governs the consummation of proceedings begun under the old law. But, argues the Department, this result does not follow where the Legislature expressly limits the new law to *prospective* application. *See* RCW 51.24.900. The Department points out that, when the repealer language of the 1977 act, Laws of 1977, 1st Ex. Sess., ch. 85, § 10, is read in light of the "prospective application" language of section 9,[2] it is clear that the Legislature intended the repeal of the 1973 act to be conditioned upon application of the 1977 act.

We agree. RCW 51.24.900 provides that the 1977 distribution scheme shall *not* apply to claims which arose prior to September 21, 1977, the effective date of the new act. Accordingly, a claim brought under the 1973 law must be brought to a conclusion under the provisions of that act, or fall altogether. Neither party to this appeal contends that pre–1977 claims must fall. Moreover, the Legislature's intent that pre–1977 claims continue is clearly manifested both by the Legislature's designation of the new law as "amendatory," and the reenactment of substantially the same substantive rights.

■ We are mindful that the repealer language of section 10 of the 1977 law is couched in unqualified terms. The Department argues, however, that section 10 is qualified by the "prospective application" language of section 9. We adopt this construction as it permits the two sections to be read in harmony, while avoiding an unjust or absurd result. *See Crown Zellerbach Corp. v. Department of Labor & Indus.,* 98 Wn.2d 102, 653 P.2d 626 (1982). If we were to conclude that the Legislature intended an unqualified repeal of the 1973 act, then it would follow that the Legislature intended to strip the 1973 law of those provisions necessary to bring earlier action to a full conclusion. This

---

[2]Laws of 1977, 1st Ex. Sess., ch. 85, § 9 is codified as RCW 51.24.900.

construction would foster an absurd result, one which can be avoided by our holding that the repeal of the 1973 act affects only those causes of action commenced under the new act.

Finally, Mr. Whalen claims support for his position from AGO 104 (1962). In that opinion the Attorney General took the position that a statutory change should be applied retroactively to pending third party actions. Even if that opinion had precedential force for us, it is readily distinguishable on the same grounds outlined above. The legislation at issue there was not confined to *prospective* application as is the 1977 law here involved.

Affirmed.

WORSWICK, A.C.J., and PETRIE, J., concur.