# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| In the Matter of the Estate of:<br><br>MICHAEL COHEN,<br><br><div align="right">Deceased.</div> | No.  56662-1-II<br>(Consol. with<br>No. 56759-8-II)<br><br>UNPUBLISHED OPINION |

LEE, J. — Loren Cohen appeals the superior court's orders removing Cohen as the personal representative of his father's (Michael Cohen's) estate and appointing a third-party neutral as successor personal representative to his father's estate.  Cohen argues that the superior court erred by removing him as personal representative and appointing a third-party neutral instead of Cohen's brother, Lee Cohen,[1] as successor personal representative.

We hold that the superior court did not err by removing Cohen as personal representative due to a conflict of interest or by appointing a third-party neutral instead of Lee, who also had a conflict of interest, as successor personal representative.  Therefore, we affirm the superior court's orders.

## FACTS

Michael Cohen died in December 2020.  The decedent's will, executed in October 2020, states that all of the decedent's business assets were "transferred and sold to my eldest son Loren McBride Cohen prior to my death and I do not own any business assets at the time of my death."

---

[1]  Michael Cohen and his sons Loren Cohen and Lee Cohen all share the same last name.  To avoid confusion, this opinion refers to Michael Cohen as "the decedent," to Loren Cohen as "Cohen," and to Lee Cohen as "Lee."  No disrespect is intended.

Clerk's Papers (CP) at 56. The decedent's will nominated as personal representative of the estate the decedent's sons Cohen or Lee, in order of preference and succession. The decedent's will authorized the personal representative to have nonintervention powers.

Cohen presented the decedent's will and moved for the superior court to appoint him as personal representative of the decedent's estate. Despite the will allowing for nonintervention powers, Cohen expressly stated that he was not making a request for nonintervention powers "and expect[ed] he [would] serve with full intervention until further order of this Court."[2] CP at 66. The superior court admitted the will to probate and appointed Cohen to serve as personal representative of the estate. The superior court did not grant nonintervention powers to Cohen.

William Newcomer filed a creditor's claim with the estate. Newcomer's creditor's claim alleged that the decedent owed Newcomer money on an unpaid promissory note. Newcomer had initiated a lawsuit against the decedent on the promissory note claim in 2016, but the case had not yet been fully litigated at the time Newcomer made his creditor's claim against the estate.

In the probate proceeding, Newcomer requested a copy of the estate inventory from Cohen pursuant to RCW 11.44.015(2).[3] Cohen did not provide Newcomer with the requested estate inventory, requiring Newcomer to file a motion to compel production of the estate inventory. Subsequently, Cohen produced a preliminary inventory and appraisement. The preliminary estate

---

[2] The record does not show Cohen requesting nonintervention powers at any point.

[3] RCW 11.44.015(2) provides in relevant part that

> upon receipt of a written request for a copy of the inventory and appraisement from any . . . unpaid creditor who has filed a claim, . . . the personal representative shall furnish to the person, within ten days of receipt of a request, a true and correct copy of the inventory and appraisement.

2

inventory and appraisement contained some unknown sums, but the sums provided showed the estate's liabilities outvaluing its assets.

After receiving the preliminary estate inventory and appraisement, Newcomer sent a letter to Cohen regarding the personal representative's statutory duty under RCW 11.48.140[4] to recover fraudulent conveyances. Newcomer's letter stated that the decedent had previously attested under penalty of perjury that the decedent owned more than $20,000,000.00 in business assets, and these business assets were not included on the estate inventory. Because the will expressly states that the decedent transferred all his business assets to Cohen prior to the decedent's death, Newcomer alleged that these business assets had been fraudulently transferred to Cohen. Newcomer also stated that Cohen had a conflict of interest as the recipient of the transfers and told Cohen to either transfer all business assets back to the estate or resign as personal representative.

Newcomer then filed a joint motion with another creditor of the estate[5] to remove Cohen as personal representative and appoint a third-party neutral. Newcomer's motion alleged that the

---

[4] RCW 11.48.140 provides that

> [w]hen there shall be a deficiency of assets in the hands of a personal representative, and when the deceased shall in his or her lifetime have conveyed any real estate, or any rights, or interest therein, with intent to defraud his or her creditors or to avoid any right, duty, or debt of any person, or shall have so conveyed such estate, which deeds or conveyances by law are void as against creditors, the personal representative may, and it shall be his or her duty to, commence and prosecute to final judgment any proper action for the recovery of the same, and may recover for the benefit of the creditors all such real estate so fraudulently conveyed, and may also, for the benefit of the creditors, sue and recover all goods, chattels, rights, and credits which may have been so fraudulently conveyed by the deceased in his or her lifetime, whatever may have been the manner of such fraudulent conveyance.

[5] The other creditor was Peoples Bank, which is not a party to this appeal.

decedent, shortly before his death, fraudulently transferred tens of millions of dollars in assets to Cohen for the purpose of avoiding creditors. Newcomer's motion relied on a statement the decedent made under oath in 2018 that the decedent owned more than $20,000,000.00 in business assets, the fact that these assets did not appear on the estate inventory, and the fact that the decedent's will stated that the decedent's business assets were transferred to Cohen prior to death.

Newcomer argued that Cohen was conflicted out of serving as personal representative because Cohen could not fulfill the statutory duty for personal representatives to investigate and pursue recovery of fraudulent transfers. Newcomer cited RCW 11.68.070[6] as the procedure for removing a personal representative and appointing a successor.

Cohen opposed the motion, arguing, in relevant part, that Newcomer lacked standing to bring the motion and did not follow the procedures outlined in RCW 11.68.070, which Cohen contended required initiation of a Trust and Estate Dispute Resolution Act (TEDRA) action under chapter 11.96A RCW. Cohen also argued "out of an abundance of caution" that RCW 11.28.250[7] did not authorize his removal as personal representative because the elements "are not met nor could they ever be met." CP at 134.

---

[6] Chapter 11.68 RCW pertains to settlement of estates without administration (i.e., without intervention by the court). RCW 11.68.070 provides procedures and a list of causes for removing a personal representative.

[7] Chapter 11.28 RCW pertains to letters testamentary and letters of administration. RCW 11.28.250 provides procedures and a list of causes for revoking letters testamentary and removing a personal representative.

In his reply brief, Newcomer argued that RCW 11.68.070 did not apply because chapter 11.68 RCW applies only to nonintervention estates, and Cohen did not have nonintervention powers. Instead, Newcomer argued that RCW 11.28.250 provided for Cohen's removal.

At the hearing on Newcomer's motion to remove Cohen as personal representative, Newcomer again argued that RCW 11.68.070 did not apply because chapter 11.68 RCW applies exclusively to nonintervention estates. Newcomer also argued that he followed all the procedures required for removal under chapter 11.28 RCW and that the removal procedures in chapter 11.28 RCW were the correct procedures for this case. Newcomer further argued that both Cohen and Lee were conflicted out of serving as personal representative.

The superior court ruled that Newcomer had standing to bring the motion and that RCW 11.28.250 gave the court "authority to remove a personal representative when there's misconduct or for any other reason which makes it necessary." 1 Verbatim Rep. of Proc. (VRP) (Dec. 17, 2021) at 28. The superior court also ruled that Newcomer's motion had complied with all procedures required by RCW 11.28.250.

The superior court stated that it was not making any finding of misconduct by Cohen, but there was a question of whether the decedent had fraudulently conveyed business assets to Cohen before the decedent's death. The superior court found that there was an "inherent conflict of interest" because the decedent, just prior to his death, had transferred all his business assets to Cohen, and Cohen, as the personal representative, was statutorily required to investigate and recover fraudulent conveyances. 1 VRP (Dec. 17, 2021) at 30. Based on this conflict of interest, the superior court ordered that Cohen be removed as personal representative.

The superior court also considered who should be named as successor personal representative. Although the decedent's will lists Lee, the superior court found that any family member of Cohen would also have a conflict because they would have to "choose between a good faith investigation as required by the personal representative that might be at the cost of Loren Cohen, as opposed to the creditors." 1 VRP (Dec. 17, 2021) at 30. The superior court found that the family members were "in a less immediate conflict of interest than Loren Cohen, but still have an inherent conflict there." 1 VRP (Dec. 17, 2021) at 31. To support this finding, the superior court stated that it "would be very hesitant to pull money from my siblings for a creditor knowing that there might be a chance that something would go to me personally." 1 VRP (Dec. 17, 2021) at 31.

The superior court set a hearing for deciding on a successor personal representative. The superior court stated that if the parties did not come to an agreement on who the successor personal representative should be, the superior court would look at RCW 11.28.120[8] and also consider third-party neutrals.

The parties submitted briefing regarding the successor personal representative. Newcomer suggested third-party neutral Carol Vaughn. Cohen requested that the court reinstate Cohen as personal representative and not appoint any successor.

At the hearing for determining the successor personal representative, the superior court stated that Vaughn fit "what I was directing in my previous oral rulings for a suitable person who is not a family member." 2 VRP (Jan. 21, 2022) at 3. The superior court noted that the other

---

[8] RCW 11.28.120 provides a list of categories of successor personal representatives to be appointed if the personal representatives named in the will declined or were unable to serve.

categories of successor personal representatives in RCW 11.28.120 did not apply to this case except for section seven, which allowed the superior court "to appoint any suitable person." 2 VRP (Jan. 21, 2022) at 4.

The superior court entered an order appointing Vaughn as successor personal representative. The order specified that Vaughn was excused from any duties or responsibilities relating to the 2016 litigation between the estate and Newcomer, and Cohen retained the authority to direct the defense of the estate in that litigation.[9]

Cohen filed a motion for discretionary review at this court, which was converted to a notice of appeal.

## ANALYSIS

A.    REMOVAL OF COHEN AS PERSONAL REPRESENTATIVE

Cohen argues that the superior court erred by removing Cohen as personal representative. Specifically, Cohen argues that the superior court erred by allowing Newcomer to argue for Cohen's removal, proceeding under RCW 11.28.250 instead of RCW 11.68.070, ruling that the

---

[9] Newcomer proposed this "specific carve-out" for the appearance of fairness, so that it would not appear that Newcomer was choosing the estate's attorney for his own lawsuit against the estate. 2 VRP (Jan. 21, 2022) at 6. The superior court asked Cohen if he would rather be removed entirely. Cohen's attorney responded that he did not know what to comment, but he suspected that Cohen was the only person with the ability to defend the Newcomer lawsuit and that Vaughn could not defend the case. Cohen's attorney also stated that "if that's the request . . . we did not submit an opposition to that request, so I think that's what . . . the Court should order if that's the case." 2 VRP (Jan. 21, 2022) at 11.

elements for removal under RCW 11.28.250 were met, and failing to enter findings and conclusions justifying Cohen's removal.[10] We disagree.

The issues in this appeal require statutory interpretation, which we review de novo. *Jametsky v. Olsen*, 179 Wn.2d 756, 761, 317 P.3d 1003 (2014). Our primary goal when interpreting a statute is to determine and give effect to the legislature's intent. *Id.* at 762. We first look to the statute's plain language to determine legislative intent. *Id.*

We do not read statutory provisions in isolation when determining a statute's plain meaning. *Citizens All. for Prop. Rts. Legal Fund v. San Juan County*, 184 Wn.2d 428, 437, 359 P.3d 753 (2015). Rather, the plain meaning of a statutory provision is derived from the context of the statute in which it appears, the entire act, and any related statutes that disclose legislative intent about the provision in question. *Id.*; *Jametsky*, 179 Wn.2d at 762. We will not construe any statutory provisions as superfluous, void, or insignificant as long as some other reasonable interpretation exists. *Freedom Found. v. Teamsters Loc. 117 Segregated Fund*, 197 Wn.2d 116, 134, 480 P.3d 1119 (2021).

If the plain language of a statute is unambiguous, we give the words their common and ordinary meanings. *Tesoro Refining & Mktg. Co. v. Dep't of Revenue*, 173 Wn.2d 551, 556, 269 P.3d 1013 (2012). "If the statute's meaning is plain on its face, we give effect to that plain meaning as the expression of what was intended." *TracFone Wireless, Inc. v. Dep't of Revenue*, 170 Wn.2d 273, 281, 242 P.3d 810 (2010).

---

[10] Two of these arguments (proceeding under RCW 11.28.250 instead of RCW 11.68.070 and not meeting the elements of RCW 11.28.250) are not fully explained in Cohen's assignments of error but are argued in the analysis section of Cohen's opening brief and are arguably attached to Cohen's assignments of error. Therefore, this opinion addresses each argument on the merits.

1.      Newcomer's Standing

Cohen argues that the superior court erred by allowing Newcomer to argue for Cohen's removal as personal representative because Newcomer did not have standing. We disagree.

Generally, a person has standing if the person's interests are "'arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question'" and the challenged action caused "'injury in fact, economic or otherwise,'" to that person. *Wash. State Hous. Fin. Comm'n v. Nat'l Homebuyers Fund, Inc.*, 193 Wn.2d 704, 711-12, 445 P.3d 533 (2019) (internal quotation marks omitted) (quoting *Grant County Fire Prot. Dist. No. 5 v. City of Moses Lake*, 150 Wn.2d 791, 802, 83 P.3d 419 (2004)). In TEDRA cases, "[a] person has standing if they have a direct, immediate, and legally ascertainable interest in an estate." *In re Estate of Becker*, 177 Wn.2d 242, 244, 298 P.3d 720 (2013).

RCW 11.28.250 provides that "[w]henever the court has reason to believe that" certain causes for removal exist, "it shall have power and authority, after notice and hearing to revoke such letters." RCW 11.28.250 does not include any language requiring a certain party or person to bring a formal motion nor does it include any language limiting the circumstances under which the court must come by its belief that cause exists to remove a personal representative and revoke letters testamentary.

Other statutes do describe formal motions or procedures from a certain party or person. For example, RCW 11.68.070(1)(a) states that "[a] party, as defined in RCW 11.96A.030" may "petition the court under chapter 11.96A RCW" if they are seeking the removal of a personal representative with nonintervention powers. No such procedure is mandated by RCW 11.28.250.

9

Had the legislature intended to mandate a formal motion or procedure from an interested party or person, it could have done so as it did in RCW 11.68.070. Instead, RCW 11.28.250 authorizes courts to remove a personal representative when certain reasons for removal exist, regardless of how that reason comes to the court's attention.

Here, Newcomer, who had filed a creditor's claim against the estate, is "'arguably within the zone of interests'" protected by RCW 11.28.250 and appears to have a "direct, immediate, and legally ascertainable interest" in how the estate is administered. *Wash. State Hous. Fin. Comm'n*, 193 Wn.2d at 711 (quoting *Grant County*, 150 Wn.2d at 802); *Becker*, 177 Wn.2d at 244. Specifically, as a creditor, if assets were fraudulently transferred prior to the decedent's death, Newcomer has suffered an injury that could be remedied if the estate pursues those assets. Thus, Newcomer has sufficiently established standing.

Cohen has provided us with no legal authority showing that RCW 11.28.250 requires a specific procedure be followed or limits who can bring to a court's attention the need for the removal of personal representatives. "Where no authorities are cited in support of a proposition, we are not required to search out authorities, but may assume that counsel, after diligent search, has found none." *Helmbreck v. McPhee*, 15 Wn. App. 2d 41, 57, 476 P.3d 589 (2020), *review denied*, 196 Wn.2d 1047 (2021). Therefore, we hold that the superior court did not err by allowing Newcomer to argue for Cohen's removal as personal representative.

2.      RCW 11.28.250 versus RCW 11.68.070

Cohen argues that the superior court erred by proceeding under RCW 11.28.250 instead of RCW 11.68.070. We disagree.

10

RCW 11.28.250 and RCW 11.68.070 provide different procedures and causes for removing

a personal representative. RCW 11.28.250 provides that

> [w]henever the court has reason to believe that any personal representative has wasted, embezzled, or mismanaged, or is about to waste, or embezzle the property of the estate committed to his or her charge, or has committed, or is about to commit a fraud upon the estate, or is incompetent to act, or is permanently removed from the state, or has wrongfully neglected the estate, or has neglected to perform any acts as such personal representative, or for any other cause or reason which to the court appears necessary, it shall have power and authority, after notice and hearing to revoke such letters. The manner of the notice and of the service of the same and of the time of hearing shall be wholly in the discretion of the court, and if the court for any such reasons revokes such letters the powers of such personal representative shall at once cease, and it shall be the duty of the court to immediately appoint some other personal representative, as in this title provided.

RCW 11.68.070 provides:

> (1)(a) A party, as defined in RCW 11.96A.030, may petition the court under chapter 11.96A RCW for a determination that a personal representative:
>         (i) Has breached a fiduciary duty;
>         (ii) Has exceeded the personal representative's authority;
>         (iii) Has abused the personal representative's discretion in exercising a power;
>         (iv) Has otherwise failed to execute the trust faithfully;
>         (v) Has violated a statute or common law affecting the estate; or
>         (vi) Is subject to removal for a reason specified in RCW 11.28.250.
>         (b) The petition submitted under (a) of this subsection must allege facts in support of the claim and must be verified or be supported by an affidavit showing facts in support of the claim.
>         (2) If the court finds that the personal representative has committed one or more of the acts listed in subsection (1)(a) of this section, the court may order such remedy in law or in equity as it deems appropriate. The remedy may include, but not be limited to, awarding money damages, surcharging the personal representative, directing the personal representative to take a specific action, restricting the powers of the personal representative, removing the personal representative and appointing a successor, and awarding fees and costs under RCW 11.96A.150. If the court restricts the powers of the personal representative, it shall endorse the words "powers restricted" upon the original order granting the personal representative nonintervention powers and upon the letters testamentary or of administration together with the date of the endorsement.

Chapter 11.68 RCW, which contains RCW 11.68.070, pertains to "settlement of estates without administration." It is clear from the statutes within chapter 11.68 RCW that "estates without administration" means estates in which the personal representative has nonintervention powers. *See* RCW 11.68.011 ("Settlement without court intervention"); .021 ("Hearing on petition for nonintervention powers"); .041 ("Petition for nonintervention powers"); .050 ("Objections to granting nonintervention powers"); *see generally* chapter 11.68 RCW. Therefore, the plain language of chapter 11.68 RCW supports limiting RCW 11.68.070's application to estates in which the personal representative has nonintervention powers.

This limitation is also supported by the existence of another statute outside of the chapter, namely RCW 11.28.250, providing for different procedures and causes for removing a personal representative. The legislature expressly incorporated RCW 11.28.250 in RCW 11.68.070(1)(a)(vi), evidencing the legislature's intent for the causes for removal listed in RCW 11.28.250 to also apply to removals of personal representatives under RCW 11.68.070. But the legislature made no mention of RCW 11.68.070 in RCW 11.28.250, showing that the legislature did not intend for the incorporation to work the other way around and did not intend for RCW 11.68.070 to apply to removals of personal representatives under RCW 11.28.250. Thus, the plain language and meaning of RCW 11.68.070 and RCW 11.28.250 evidence the legislature's intent to limit RCW 11.68.070's applicability to circumstances where the personal representative has nonintervention powers.

Here, Cohen did not have nonintervention powers. Therefore, RCW 11.28.250, not RCW 11.68.070, provided the proper procedure and causes for removing Cohen as personal representative.

Cohen argues that because RCW 11.68.070 incorporates RCW 11.28.250, the superior court should have followed the procedures outlined in RCW 11.68.070 even if it was proceeding under RCW 11.28.250. But RCW 11.68.070 only incorporates the causes for removal specified in RCW 11.28.250, in effect expanding the list of reasons for which a personal representative with nonintervention powers could be removed. RCW 11.68.070(1)(a)(vi). RCW 11.68.070 does not incorporate RCW 11.28.250 more broadly and does not provide that RCW 11.68.070's processes must be applied to removals under RCW 11.28.250.

Cohen also mentions without argument that Newcomer sought removal of the personal representative under "RCW 11.68.070 as the procedural basis for removal and then switched gears to RCW 11.28.250 in the middle of the proceedings." Br. of Appellant at 1-2. Cohen then notes in his reply brief that Newcomer switched his argument for the removal motion from RCW 11.68.070 to RCW 11.28.250 and contends that Newcomer "should not be allowed to gain an advantage by such an action." Reply Br. of Appellant at 22.

To the extent Cohen is attempting to argue that the superior court erred by allowing Newcomer to cite RCW 11.68.070 in the original motion then argue for removal under RCW 11.28.250, the record shows that Cohen, in his response to Newcomer's motion to remove the personal representative, argued that RCW 11.28.250 did not authorize his removal as personal representative because Newcomer cannot meet the elements of that statute. The superior court had discretion to allow Newcomer to make alternative arguments so long as Cohen had the opportunity to respond to those arguments. Cohen was provided the opportunity to address RCW 11.28.250 in his response brief to the superior court, and he had the opportunity to make further arguments

regarding RCW 11.28.250 at the hearing before the superior court.[11]  Therefore, because Cohen was provided the opportunity to respond, the superior court did not err by allowing Newcomer to proceed under RCW 11.28.250.

Further, Cohen provides no legal authority to support the proposition that a party is not allowed to respond to arguments raised in opposition to a party's motion.  We are not required to search out authorities when no authority is cited in support of a proposition and "may assume that counsel, after diligent search, has found none."  *Helmbreck*, 15 Wn. App. 2d at 57.

Cohen's argument that the superior court erred by not proceeding under RCW 11.68.070 fails.  We hold that the superior court did not err by proceeding under RCW 11.28.250 instead of RCW 11.68.070.

### 3.    RCW 11.28.250's Elements

Cohen argues that the superior court erred by ruling that the elements for removal under RCW 11.28.250 were met.  We disagree.

RCW 11.28.250 gives trial courts broad discretion in removing a personal representative, "but its grounds must be valid and supported by the record."  *In re Estate of Ardell*, 96 Wn. App. 708, 718, 980 P.2d 771, *review denied*, 139 Wn.2d 1011 (1999).  "If any one of the court's reasons for removal is valid, the court's decision will not be disturbed on appeal."  *Id.*

Cohen argues in his opening brief that the elements of RCW 11.28.250 "were not met, nor could they ever be met," but does not elaborate on which elements he references.  Br. of Appellant

---

[11]  We note that although Cohen had the opportunity to argue at the hearing that RCW 11.28.250 did not justify his removal as personal representative, the record shows that Cohen did not make this argument at the hearing.

at 13. Cohen alleges that Newcomer did not comply with the "citation process required by" RCW 11.28.250, but does not explain what is the citation process or requirement he references. Br. of Appellant at 12. In his reply brief, Cohen cites to *In re Estate of Beard*, 60 Wn.2d 127, 372 P.2d 530 (1962), in support of his argument that "citation" is required for RCW 11.28.250. *Beard* cited the 1917 version of RCW 11.28.250, which did require "citation." 60 Wn.2d at 132. However, RCW 11.28.250 was amended in 1965 to no longer require "citation." LAWS OF 1965, ch. 145, § 11.28.250.

Regardless, Cohen's removal was justified under RCW 11.28.250. One of the enumerated reasons in RCW 11.28.250 that allows for the removal of a personal representative is "for any other cause or reason which to the court appears necessary." Here, the superior court found that there was a question of whether the decedent had fraudulently conveyed business assets to Cohen before the decedent's death. This question of fraudulent conveyances was supported in the record by the 2015 declaration from the decedent stating that he had more than $20,000,000.00 in business assets, the fact that these assets were not listed in the estate inventory, and the decedent's will that stated he transferred all business assets to Cohen and the decedent did not own any business assets at the time of his death.

The superior court acknowledged that personal representatives have a statutory duty to investigate and recover assets that were fraudulently conveyed out of the estate. The superior court found that Cohen's status as recipient of the assets giving rise to the fraudulent transfers allegation created a conflict of interest with this statutory duty. It was well within the superior court's discretion to determine that this conflict of interest was a necessary cause or reason for removing Cohen as personal representative of the estate. *See Ardell*, 96 Wn. App. at 718. Therefore, we

15

hold that the superior court did not err by ruling that RCW 11.28.250's elements for removal were met.[12],[13]

4.    Findings of Fact and Conclusions of Law

Cohen argues that the superior court erred by failing to enter findings of fact and conclusions of law justifying Cohen's removal. We disagree.

There is no language in RCW 11.28.250 that requires a court to enter findings of fact or conclusions of law. Cohen does not cite to any legal authority in his opening brief to support his argument that findings of fact and conclusions of law are required for removal of a personal representative under RCW 11.28.250. In his reply brief, Cohen cites to *Beard*, 60 Wn.2d 127, for the proposition that findings of fact are required. Although the trial court in *Beard* entered findings of fact, nothing in *Beard* suggests that findings of fact or conclusions of law were required. 60 Wn.2d at 135. Further, findings of fact and conclusions of law are not necessary when deciding motions. CR 52(a)(5)(B). Therefore, we hold that the superior court did not err by not entering findings of fact or conclusions of law justifying Cohen's removal.

---

[12] Cohen emphasizes in his briefing that the superior court did not make any finding that Cohen committed misconduct. But RCW 11.28.250 does not require a court to find that the personal representative committed misconduct before removing them. And Cohen fails to cite any authority for the proposition that a superior court must make a finding of misconduct before removing a personal representative. Cohen also does not argue that we should adopt that rule. Even if Cohen intended to make this argument, the plain language of RCW 11.28.250 does not allow us to adopt a rule requiring a finding of misconduct—RCW 11.28.250 allows a court to remove a personal representative "for any other cause or reason which to the court appears necessary."

[13] Cohen uses the words "due process" four times throughout his briefing but does not appear to be making any constitutional argument. Br. of Appellant at 22, 23; Reply Br. of Appellant at 12, 32. Therefore, this opinion does not treat Cohen's use of the words "due process" as a due process argument.

B.      APPOINTMENT OF VAUGHN AS SUCCESSOR PERSONAL REPRESENTATIVE

Cohen argues that the superior court erred by appointing Vaughn as personal representative instead of Lee. Specifically, Cohen argues that the superior court should have appointed Lee because Lee was higher on the list of successor personal representatives in RCW 11.28.120. We disagree.

RCW 11.28.120 provides that if a personal representative declines or is unable to serve, administration of the estate shall be granted to another individual from one of seven categories. These seven categories are listed in RCW 11.28.120 in order of entitlement. The only categories relevant here are the second and seventh categories. The second category is "next of kin" including "[c]hild or children." RCW 11.28.120(2). The seventh category provides:

> If the persons so entitled shall fail for more than forty days after the death of the decedent to present a petition for letters of administration, or if it appears to the satisfaction of the court that there is no next of kin, as above specified eligible to appointment, or they waive their right, and there are no principal creditor or creditors, or such creditor or creditors waive their right, then the court may appoint a contract service provider with the office of public guardianship and conservatorship under chapter 2.72 RCW or any suitable person to administer such estate.

RCW 11.28.120(7).

Cohen appears to argue that the superior court did not properly consider RCW 11.28.120. The record belies that contention. The superior court stated that the process of selecting a successor is laid out in RCW 11.28.120 and discussed the categories of individuals in the statute.

The superior court found both personal representatives named in the will, Cohen and Lee, unable to serve due to the conflict of interest relating to the decedent's alleged fraudulent transfer of business assets to Cohen prior to death. The superior court was then required to proceed down

17

the list of categories of persons eligible to serve as a personal representative articulated in RCW 11.28.120. While Lee, the decedent's son, fell within the second category of RCW 11.28.120, the superior court already disqualified Lee as a "personal representative . . . named in the will" that was "unable to serve" due to the conflict of interest. RCW 11.28.120.

The next applicable category is number 7, which Vaughn fulfills as a "suitable person to administer such estate." RCW 11.28.120(7). Vaughn's qualifications are not challenged on appeal. Therefore, we hold that the superior court did not err by appointing Vaughn instead of Lee as successor personal representative.[14]

## CONCLUSION

The superior court did not err by removing Cohen as personal representative due to a conflict of interest or by appointing a third-party neutral instead of Cohen's brother, who also had a conflict of interest, as successor personal representative. Therefore, we affirm the superior court's orders removing Cohen as personal representative of his father's estate and appointing a third-party neutral as successor personal representative.

---

[14] Cohen states in his reply brief, under a heading that contends Newcomer lacked standing, that there appears to be no authority for a "'hybrid personal representative'" or partial removal. Reply Br. of Appellant at 26. It is unclear if Cohen is arguing that the superior court erred by only partially removing Cohen as personal representative. To the extent Cohen makes this argument in his reply brief, we decline to consider it. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) ("An issue raised and argued for the first time in a reply brief is too late to warrant consideration.").

No. 56662-1-II/No. 56759-8-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Glasgow, C.J.

Cruser, J.